UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICKY SIMMONS, *pro se*,

                Petitioner,           **SUMMARY ORER**
                                                                      14-CV-5541 (DLI)

            -against-

ADA PEREZ, Superintendent,
Downstate Correctional Facility,

                Respondent.
------------------------------------------------------------X
**DORA L. IRIZARRY, United States District Judge:**

      Petitioner Ricky Simmons, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (*See* Petition ("Pet."), Dkt. Entry No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). The Court directs petitioner to show cause by NO LATER THAN APRIL 6, 2015 why the petition should not be dismissed as time-barred.

## BACKGROUND

      Petitioner was convicted in the Supreme Court of the State of New York, Kings County, of murder in the second degree, burglary in the second degree, and criminal possession of a weapon in the second degree, and was sentenced to a term of imprisonment of 20 years to life. (Pet. ¶¶ 1-5.) On July 25, 2012, the Appellate Division, Second Department affirmed the

---

[1] In reviewing petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

conviction, *see People v. Simmons*, 97 A.D.3d 842 (2d Dep't 2012), and the New York State Court of Appeals denied leave to appeal on November 19, 2012, *see People v. Simmons*, 20 N.Y.3d 935 (2012). Petitioner did not file a writ of *certiorari* with the United States Supreme Court. (Pet. at 3, ¶ 9(h).) Petitioner filed the instant petition on September 16, 2014.

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[2] the instant petition appears untimely. Petitioner's conviction became final on or about February 19, 2013, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F. 3d 543, 547-49 (2d Cir. 2009); *Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001). In order to be timely, this

---

[2] Petitioner does not state any facts to suggest that subsections (B)-(D) are applicable.

2

petition should have been filed on or before February 19, 2014. Instead, this petition was filed on September 16, 2014, nearly seven months after the one-year limitations period had already expired. Therefore, unless petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

**A.  Statutory Tolling**

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F. 3d 13, 16 (2d Cir. 2000) (*per curiam*). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F. 3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

According to petitioner, he filed a post-conviction motion pursuant to N.Y. Criminal Procedure Law § 440.20 ("440 motion") on August 1, 2013. (Pet. at 4, ¶ 11(b).) However, petitioner does not provide the date the state court issued a decision on the 440 motion and whether he appealed the decision to a higher state court (and, if so, the date he appealed and the date the court issued a decision on the appeal of the denial of the 440 motion). The Court, therefore, cannot determine whether or how much tolling is available based on the pendency of the 440 motion in the state courts.

Accordingly, petitioner is directed to use the affirmation form annexed to this Order to provide the date on which he filed his post-conviction motion in state court, the date of the state court decision, the date he filed an appeal, if any, and the date of the decision from the highest state court on the 440 motion. Petitioner must file the affirmation no later than April 6, 2015.

**B.  Equitable Tolling**

The limitations period may also be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Smith*, 208 F. 3d at 17 (explaining that equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll"). Petitioner does not make any arguments suggesting that equitable tolling should apply to this petition. If petitioner believes that the time limitations period should be equitably tolled, he must specify what extraordinary circumstances prevented him from timely filing his petition in an affirmation (which form is attached to this Summary Order) NO LATER THAN APRIL 6, 2015.

## CONCLUSION

Accordingly, petitioner is directed to show cause, NO LATER THAN APRIL 6, 2015, by written affirmation using the form attached to this Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F. 3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must provide the date on which he filed his post-conviction motion and the date of the decision by the state's highest court. In addition, petitioner should present any facts which would support equitable tolling of the period of limitations, if applicable.

All further proceedings shall be stayed until April 6, 2015. If petitioner fails to comply with this Order within the time allowed, the instant petition will be dismissed as time-barred under 28 U.S.C. § 2244(d). As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 6, 2015

/s/
Dora L. Irizarry
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICKY SIMMONS, *pro se*,

                Petitioner,                              **PETITIONER'S AFFIRMATION**
                                                                          14-CV-5541 (DLI)

          -against-

ADA PEREZ, Superintendent,
Downstate Correctional Facility

                Respondent.
------------------------------------------------------------X

      RICKY SIMMONS, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated March 6, 2015. The instant petition for a writ of habeas corpus should not be time-barred by the one-year period of limitation because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

  In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____        _____
                            Signature & Identification Number

                            _____
                            Address

                            _____

                            _____
                            City, State & Zip Code